# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 10, 2020

160048

PEOPLE OF THE STATE OF MICHIGAN,
   Plaintiff-Appellee,

v

RYAN MATTHEW KRESTEL,
   Defendant-Appellant.

_____/

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

SC: 160048
COA: 341463
Berrien CC: 2017-015171-FH

On order of the Court, the application for leave to appeal the June 11, 2019 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE that part of the Court of Appeals judgment that affirmed the assessment of a financial sanction against the defendant's counsel, and VACATE the $500 assessment. We REMAND this case to the Berrien Circuit Court to reconsider the assessment, taking into consideration the wide latitude given to the judgment of criminal defense counsel when applying MCR 2.114(D)(2) (repealed) and a criminal defendant's right to present a defense. See *In re John R. Minock*, 441 Mich 881 (1992); *People v Hayes*, 421 Mich 271, 278 (1984). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.

ZAHRA, J. (*dissenting*).

I respectfully dissent from the majority's decision to vacate the portion of the Court of Appeals' judgment affirming the assessment of financial sanctions against defense counsel and to remand the case to the trial court for reconsideration of the assessment.

In this case, defendant filed a motion—with counsel's assistance—seeking dismissal of criminal charges against him on the basis of immunity under § 4 of the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*, and the

affirmative defense established under § 8 of the act.[1]  The trial court denied the motion, but also imposed a $500 sanction against defense counsel for failing to make a reasonable inquiry into defendant's residency before making a good-faith argument relating to § 4 and § 8 of the MMMA, in violation of MCR 2.114(D).[2]  The Court of Appeals affirmed the denial of defendant's motion and the imposition of the financial sanction.[3]

Now, however, providing little in the way of guidance to the trial court as to why it may have erred in its judgment, this Court remands the instant matter to that court so that the $500 assessment can be reexamined, "taking into consideration the wide latitude given to the judgment of criminal defense counsel when applying MCR 2.114(D)(2) and a criminal defendant's right to present a defense."  In support of its decision, the majority cites two cases: (1) this Court's 1992 order in *In re Minock*,[4] and (2) this Court's 1984 opinion in *People v Hayes*.[5]  But neither decision sheds a great deal of light on any potential error by the trial court.  The cited order in *Minock* merely states that the motion to suppress at issue in that case "was not obviously frivolous."[6]  No reasoning whatsoever was provided as to how the Court arrived at that conclusion, and were it not for an accompanying statement from Justice BOYLE and Justice RILEY, it would be unclear whether MCR 2.114(D)(2) was implicated in that case *at all*.[7]  And in *Hayes*, although the Court acknowledged the right to present a defense under the Michigan and United States Constitutions, we were concerned there with the constitutionality of a statute barring the invocation of an insanity defense as a "sanction" for a criminal defendant's failure to cooperate with psychiatric examinations, not the interplay between the constitutional right to present a defense and the financial sanction imposed under MCR 2.114(D)(2).[8]  Indeed, the citation of *Hayes* is particularly inapt as applied to this case because, in vacating the trial court's $500 assessment, the majority cites a case in which the Court ultimately held that the  right to present a defense did *not* render the

---

[1] See MCL 333.26424; MCL 333.26428.

[2] MCR 2.114 was repealed effective September 1, 2018, more than a year after the trial court denied defendant's motion and subsequently denied reconsideration.  Nevertheless, the provisions of the former rule applicable to those who sign frivolous motions have been reincorporated into the Michigan Court Rules under MCR 1.109(E)(6).

[3] *People v Krestel*, unpublished per curiam opinion of the Court of Appeals, issued June 11, 2019 (Docket No. 341463), pp 11-13.

[4] *In re Minock*, 441 Mich 881 (1992).

[5] *People v Hayes*, 421 Mich 271 (1984).

[6] *Minock*, 441 Mich 881.

[7] *Id.* (BOYLE and RILEY, JJ., concurring in part and dissenting in part).

[8] See *Hayes*, 421 Mich at 278-279.

statutory "sanction" at issue unconstitutional.[9]

I am cognizant of attorneys' responsibility to zealously advocate on behalf of their clients[10] and that—as the trial court acknowledged in addressing defendant's motion for reconsideration—"a party must receive some type of reasonable notice and an opportunity to be heard before the imposition of sanctions under MCR 2.114."[11] And while I agree with the majority's assertion that defense counsel should be given "wide latitude" when considering the propriety of sanctions under MCR 2.114(D)(2), I note that a trial court's decision to impose sanctions is reviewed for an abuse of discretion.[12] This occurs only when a trial court's decision results in an outcome that falls outside the range of principled outcomes.[13] It is not always an easy hurdle to clear for criminal defendants, and because the lower courts have, in my view, adequately outlined the reasons favoring the imposition of the sanction, I am not persuaded that further action in the trial court is necessary. The majority's nearly bare citations of *Minock* and *Hayes* do not convince me otherwise.

For these reasons, I would deny defendant's application for leave to appeal.

---

[9] *Id*. at 278-283.

[10] See *People v Mitchell*, 454 Mich 145, 170 (1997).

[11] *Vittiglio v Vittiglio*, 297 Mich App 391, 405 (2012).

[12] See *Casey v Auto Owners Ins Co*, 273 Mich App 388, 404 (2006).

[13] *Id*., citing *Woodard v Custer*, 476 Mich 545, 557 (2006).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 10, 2020



t0707

Clerk